**KOSNETT LAW FIRM**
Louis V. Kosnett (SBN 299421)
11355 W. Olympic Boulevard, Suite 300
Los Angeles, CA 90064
Telephone (310) 445-5900
Facsimile (424) 238-2257

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEWANDE SANUSI,<br><br>       Plaintiff<br><br>    v.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT, and JOHN DOES 1-10, inclusive<br><br>       Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>**1. NATIONAL ORIGIN AND RACE DISCRIMINATION UNDER TITLE VI OF THE 1964 CIVIL RIGHTS ACT AND 42 U.S.C.A. § 1983**<br><br>**2. NATIONAL ORIGIN AND RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE U.S. CONSTITUTION AND 42 U.S.C.A. § 1983**<br><br>**3. *MONELL* LIABILITY**<br><br>**4. DECLARATORY RELIEF**<br><br>**5. VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (Cal. Civil Code § 51)**<br><br>**REQUEST FOR JURY TRIAL** |

COMPLAINT

Plaintiff Yewande Sanusi alleges:

## **INTRODUCTION**

This lawsuit for damages is brought by the Plaintiff, YEWANDE SANUSI (hereinafter "Plaintiff"), an individual of majority and a resident of the city of Hawthrone, within the County of Los Angeles, complaining against the Defendants, LOS ANGELES COMMUNITY COLLEGE DISTRICT (hereinafter "LACCD" or "Defendant") and JOHN DOES 1-10, in their official capacities, with regard to the conduct of LACCD with respect to violations of the Plaintiff's rights as described below.

## **JURISDICTION**

1. Jurisdiction vests with this Court under 28 U.S.C.A. § 1331, under the U.S. Constitution, First Amendment and U.S. Constitution, Fourteenth Amendment (Art. I, U.S. Constitution, Amend XIV, U.S. Constitution), Title VI (42 U.S.C.A. § 2000d) and under 42 U.S.C.A. § 1983.

2. Jurisdiction is conferred by 28 U.S.C. § 1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C. § 1983 to redress the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of any right, privilege, or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367(a).

COMPLAINT

1

## **VENUE**

2

3

4      4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District of

5   California, the judicial district in which the claims arose and in which the Defendants

6   conducted business.

7

## **PARTIES**

8

9

10      5.      Plaintiff, an individual of majority and an individual of Nigerian descent and

11   Yoruba tribal affiliation, is, and at all times material to this action was, a resident of the

12   County of Los Angeles, State of California.

13      6.      Defendant LACCD is a governmental entity and/or political subdivision of

14   the State of California, entrusted with the responsibility of overseeing the community

15   colleges within its district lines. LACCD is the recipient of federal funds as that term is

16   defined under Title VI.

17      7.      Defendants JOHN DOES 1–10, upon information and belief, are residents

18   of the State of California and of this judicial district. On information and belief, at all

19   relevant times herein, John Does were employees of LACCD acting under color of law

20   and in their individual capacities within the scope of employment pursuant to the statutes,

21   ordinances, regulations, policies, customs, and usage of LACCD and the State of

22   California.

23

24

25

26

27

28

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION FOR RACIAL DISCRIMINATION UNDER 42 U.S.C.A. § 1983 AND TITLE VI OF THE 1964 CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS

8.      Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

9.      On or about January 17, 2013, Plaintiff applied as a transfer student to the Nursing Program at Los Angeles Southwest College (hereinafter "LASWC"), a public community college within the confines of LACCD.

10.     On or about June of 2013, Plaintiff was verbally denied admission to the LASWC's nursing program, in violation of LACCD's policies that require each applicant to receive written notice of the application decision.

11.     Believing herself to be eminently qualified in all aspects for admission to the nursing program, and being aware that the nursing program director at LASWC was Dr. Catherine Azubuike (hereinafter "Dr. Azubuike") who Plaintiff knew to be affiliated with the Nigerian Igbo tribe, Plaintiff suspected that her denial of admission was based on her Yoruba Tribal affiliation.[1]

12.     Accordingly, Plaintiff filed an "unlawful discrimination complaint" with LACCD in or around June 2014.

13.     During the course of LACCD's investigation of Plaintiff's complaint, the compliance officer made the following findings:

    a.      Someone in the nursing department of LASWC had tampered with Plaintiff's transfer form, by way of checking the "NO" box in response to the question of "As Director of [Plaintiff's previous nursing] program, do you recommend this student

---

[1]  Plaintiff is Nigerian and a member of the Yoruba Tribe.  Dr. Azubuike, the Director of Nursing at Southwest College, at the time that Plaintiff was wrongfully denied admission, is Nigerian and a member of the Igbo Tribe.  These tribes reside today in Nigeria and have resided there long before the nation of Nigeria was established.  There is a history of animosity and tension between the two groups.

4

proceed in the study of nursing?" This response made Plaintiff "clinically unsafe", and disqualified her from admission.

       b.    It was found that Plaintiff's transfer form was **not** originally submitted with the "NO" box checked.

       c.    Dr. Azubuike denied receiving a letter of recommendation from an administrator at Plaintiff's former college. It was determined by the compliance officer that **the letter had been received by LASWC.**

       d.    Dr. Azubuike used a lottery to select students when more completed applications were received than available spaces. This was in violation of LACCD regulations.

       e.    Dr. Azubuike stated that all applicants are notified by the department in writing of decisions on their applications, including Plaintiff; however, Plaintiff was notified orally, rather than in writing, of her denial.

       f.    There was evidence suggesting that Dr. Azubuike disparaged Plaintiff's sister, a previous student in the program, and possibly violated FERPA by discussing Plaintiff's academic record with church members.

       g.    Dr. Azubuike made the decision to admit her own daughter to the nursing program as a transfer student, indicating possible unethical behavior and protocol concerns.

       h.    Plaintiff's student file, as well as those of her sister, may have been tampered with.

       i.    Dr. Azubuike's decision denying Plaintiff admission was based on an altered form that provided inaccurate disqualifying information.

    14.    Despite the aforementioned findings, no action was taken by LASWC regarding the decision to deny Plaintiff admission.

    15.    Despite the aforementioned findings, the President of LASWC sent a letter to Plaintiff on August 19, 2014, concluding that the investigation did **not** support the

5

allegations of national origin discrimination.

16.     On October 27, 2014, Plaintiff appealed the President's decision.

17.     On December 3, 2014, the LACCD Board of Trustees wrongfully denied Plaintiff's appeal, putting an end to Plaintiff's attempts to seek an administrative remedy.

18.     That same day – December 3, 2014, Plaintiff filed a complaint with the United States Department of Education – Office for Civil Rights (hereinafter "OCR"), alleging discrimination based on national origin and ethnicity.

19.     On May 16, 2016, OCR released the report of the investigation it had undertaken in response to Plaintiff's allegation of national origin discrimination, which concluded that Plaintiff had been discriminated against on the basis of her national origin, as a member of the Yoruba tribe of Nigeria.

20.     In determining that the basis for denying admission to Plaintiff was not based on national origin, LASWC accepted Dr. Azubuike's rationale for the altered application, and denial of any improper action with regard to Plaintiff's application. This was contrary to the findings of its own compliance officer, and demonstrates further discrimination, and lack of any remedial action.

21.     Due to LACCD's agents and employees' wrongful denial of Plaintiff's application, on the basis of her national origin, and wrongful denial of her appeal, Plaintiff was wrongfully denied educational services to which she was otherwise entitled, based on her national origin and ethnicity as a member of the Yoruba Tribe of Nigeria, and suffered humiliation, discrimination, inconvenience, loss of fundamental statutory rights, loss of educational and developmental opportunities, and financial loss, all to her damage.

COMPLAINT

**SECOND CAUSE OF ACTION FOR DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN IN VIOLATION OF 42 U.S.C.A. § 1983 AND THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AGAINST ALL DEFENDANTS**

22.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

23.     Plaintiff was treated differently and less favorably than similarly situated applicants who were not members of the Yoruba Tribe of Nigeria, by employees and agents of Defendants, as more fully set forth in this complaint.

24.     Through their actions, policies, educational practices and conduct directed at Plaintiff, Defendants deprived Plaintiff of her constitutional right to equal protection under the law in violation of 42 U.S.C.A. § 1983 and the 5th and 14th Amendments to the Constitution of the United States, because Defendants' practices constitute differential treatment solely on the basis of national origin, and without probable cause observed and determined on an individual, case-by-case basis.

25.     Defendants intentionally, purposefully and willfully caused the deprivation of Plaintiff's constitutional rights to equal protection under the law.

26.     At all relevant times, defendants acted under the color of state law in willfully and purposefully depriving Plaintiff of constitutionally guaranteed rights.

27.     Whenever Plaintiff brought her complaints to the attention of LACCD and its agents, the reaction has been to deny Plaintiff's claims, despite overwhelming evidence of national origin discrimination.

COMPLAINT

## THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AND *MONELL* FOR MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, POLICY, OR PRACTICE AGAINST ALL DEFENDANTS

28.    Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

29.    LACCD, by and through its policymakers, created and maintained a custom, policy and/or practice of racially discriminating against members of the Yoruba Tribe of Nigeria, by way of failing to properly consider their applications on the merits, tampering with said applications, and wrongfully denying said applications, based on their national origin.

30.    LACCD, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to train, supervise, and/or discipline its employees and agents, including Defendants, regarding their obligations to consider all applications in a non racially-discriminatory manner, in compliance with the California Constitution, and Title VI of the Civil Rights Act of 1964.

## FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST ALL DEFENDANTS

31.    Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further allege as follows:

32.    An actual controversy now exists between Plaintiff and Defendants as to whether Defendants' practice of racial discrimination practiced in the course of its admission policies, as described herein, violates Plaintiff's rights under the Equal Protection Clause of the California Constitution (Cal. Const. art. I, § 7).

33.    The parties require a judicial declaration of rights in order to properly

COMPLAINT

address Plaintiff's complaints about Defendants' practices. Specifically, the parties require a declaration from the Court regarding whether Defendants' practices, as alleged herein, violate the state's Equal Protection Clause and, if so, in what manner.

## FIFTH CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (Cal. Civil Code § 51) AGAINST ALL DEFENDANTS

34.     Plaintiff incorporates the allegations of all preceding paragraphs as though fully set forth herein, and further alleges as follows:

35.     Plaintiff seeks judgment, relief, and/or damages brought pursuant to the Unruh Act, Cal. Civ. Code § 51, for discrimination based upon national origin.

36.     Plaintiff is a member of the Yoruba Tribe of Nigeria.

37.     On information and belief, on the basis of Plaintiff's national origin, Defendants wrongfully denied Plaintiff admission to the LASWC nursing program, and tampered with her application to ensure her denial.

38.     On information and belief, Defendants' racial discrimination was intentional and purposeful.

39.     As a direct and proximate result of the actions and conduct of Defendants, Plaintiff has suffered and continues to suffer great shame, humiliation, inconvenience, loss of fundamental statutory rights, and loss of educational and developmental opportunities, and financial loss, all to Plaintiff's damage.

40.     Defendants' violation of the Unruh Civil Rights Act, Civ. Code, § 51 entitles Plaintiff to recover statutory damages of a maximum of three times the amount of actual damages or a minimum of $4,000.

COMPLAINT

**JURY DEMAND**

41.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.


WHEREFORE, Plaintiff requests judgment against Defendants as follows:


1.     A trial by jury on each of Plaintiff's claims;

2.     For equitable and injunctive relief against future discriminatory conduct;

3.     For general and special damages in an amount to be determined at trial;

4.     For pre-judgment and post-judgment interest and recovery of costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 and Title VI claims, and Civ. Code § 52(a) and Code Civ. Proc. § 1021.5 for all state law claims;

5.     For statutory damages pursuant to Civ. Code § 52(a);

6.     For a declaratory judgment from the court regarding whether Defendants' practices, as alleged herein, violate the state Equal Protection Clause and, if so, in what manner.

7.     For a declaratory judgment declaring that the Unruh Civil Rights Act applies to Defendants, and that Defendants' actions violated the Act;

8.     For costs of suit;

9.     For any and all other relief that the Court deems just and proper.

COMPLAINT

Dated:   August 18, 2016

KOSNETT LAW FIRM


                                                    /s/
                                        LOUIS V. KOSNETT


                                        Louis V. Kosnett, State Bar No. 299421
                                        KOSNETT LAW FIRM

                                        Attorneys for Plaintiff Yewande Sanusi

COMPLAINT